DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
LAW OFFICES OF CHARLES M. TEBBUTT, P.C.
941 Lawrence Street
Eugene, Oregon 97401
Telephone:	(541) 344-3505
Facsimile:	(541) 344-3516
dan@tebbuttlaw.com

LAURA D. BEATON (California State Bar No. 294466)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:	(415) 552-7272
Facsimile:	(415) 552-5816
Beaton@smwlaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　　Defendant. | Case No. 3:20-cv-8415<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act |

# INTRODUCTION

1. This action, through which Plaintiff US Right to Know ("USRTK" or "Plaintiff") seeks access to government records held by Defendant United States Department of State ("State Department," "Agency," or "Defendant") is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.*, and State Department FOIA regulations promulgated thereunder, 22 C.F.R. Subpart B – "Freedom of Information Act Provisions." This action challenges the unlawful failure of the Defendant to abide by the statutory requirements of the FOIA and the Agency's own implementing regulations.

2. Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Request; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; and (Count III) unlawfully failing to grant USRTK's request for a fee waiver under the FOIA.

3. The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) not-for-profit organization and, by its nature, has no commercial interest in the requested records.

4. USRTK seeks declaratory relief establishing that the Defendant has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing Defendant to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

# JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of

the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" USRTK both resides and maintains its principal place of business in the Northern District of California.

6. The Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. section 2201 et seq.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8. Under the FOIA, 5 U.S.C. section 552(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has its principal place of business."

9. Plaintiff resides in the County of San Francisco.

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

## PARTIES

12. Plaintiff USRTK is a 501(c)(3) non-profit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

15. Defendant is an "agency" under the FOIA, the records sought are "records" under the FOIA, and because Defendant is in possession and control of the records sought by USRTK, Defendant is subject to the FOIA pursuant to 5 U.S.C. section 552(f).

## LEGAL FRAMEWORK

16. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought

and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

17. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i); (a). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

18. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 22 C.F.R. § 171.11(g). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id*.

19. Permissible "unusual circumstances" are limited to: (1) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (3) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein. 5 U.S.C. § 552(a)(6)(B)(iii); 22 C.F.R. § 171.11(b)(4).

20. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id*.; 22 C.F.R. § 171.11(g).

21. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an

"alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 22 C.F.R. § 171.11(g).

22. As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii).

23. FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l); 22 C.F.R. § 171.11(g).

24. Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i); 22 C.F.R. § 171.11(g) ("Whenever the statutory time limit for processing a request cannot be met because of 'unusual circumstances' as defined in the FOIA, and the Department extends the time limit on that basis, the Department shall, before expiration of the 20-day period to respond, notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed.").

25. "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

26. Final determinations by the State Department concerning the granting or denial of a FOIA request must be made in writing. 22 C.F.R. § 171.11(e).

27. If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

28. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

29. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable search efforts" for responsive records. 5 U.S.C. §

552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

30. In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

31. Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

32. An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

33. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(E)(iii); 22 C.F.R. § 171.16.

34. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, fees "shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(E)(ii)(III).

35. Agencies are prohibited from assessing search fees if the agency fails to comply the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(E)(viii).

## STATEMENT OF OPERATIVE FACTS

36. USRTK submitted a FOIA Request (the "Request") to the State Department on July 9,

2020. The Request sought a waiver of all fees associated with processing the Request. A copy of the Request is attached hereto as Exhibit A.

37. The Request seeks Agency records involving communications with a set of State Department employees containing specific keywords including but not limited to "Wuhan Institute of Virology."

38. USRTK has no commercial interest or value in records responsive to the Request.

39. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origins of the SARS-CoV-2 virus and the COVID-19 pandemic in the United States.

40. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, ten academic papers, nine articles in the BMJ, one of the world's top medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts to human health.

41. USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <http://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the UCSF Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

42. The Request was received and acknowledged by the State Department via email on July 13, 2020, and assigned tracking number F-2020-06715.

43. In that same July 13, 2020 email, the State Department informed USRTK that it had

placed the Request into the "complex" processing track. It also informed USRTK that the Agency would not be able to issue a determination on the Request within the FOIA's twenty-day determination deadline.

44. The Agency's July 13, 2020 email therefore invoked the FOIA's "unusual circumstances" extension. The reason given was: "the need to search for and collect requested records from other Department offices or Foreign Service posts."

45. The Agency's July 13, 2020 email invoking the FOIA's "unusual circumstances" exception to the statute's twenty-day determination deadline did not inform USRTK of "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). This failure renders the Agency's invocation of unusual circumstances unlawful.

46. On August 17, 2020, USRTK sent an email to "FOIAstatus@state.gov" and Kellie N. Robinson, the FOIA Program Manager and Public Liaison for the Office of Information Program and Services within the State Department. That email requested the Agency to provide an update on the Request, in particular how processing was going, whether the Agency could provide an expected date of completion, and whether USRTK could do "anything…to help or expedite the timely processing" of USRTK's Request.

47. Ms. Robinson responded on August 20, 2020. That email reiterated that the Request had been received on July 9 and acknowledged on July 13, 2020. It did not provide an update on how processing was going, whether Defendant would provide an expected date of completion, or if there was anything USRTK could do to assist in the timely processing of the Request.

48. On August 27, 2020, the Agency's "FOIA Requester Service Center" sent an email to USRTK, stating that the request was "in process" and that the estimated date of completion was March 22, 2022, over twenty months after the Request was submitted.

49. Having received no further official determination or other communications from the Agency, USRTK wrote again to the State Department on October 14, 2020. That correspondence requested the Agency to provide an official determination on its Request within ten business days "or, at the very least, a certain date by which US Right to Know should expect an official determination." The

letter also asked the Agency to timely address USRTK's request for a fee waiver. Finally, the letter requested that the Agency provide an updated estimated completion date that was consistent with the FOIA's requirement that records are made "promptly" available upon request, because a completion date in 2022 is plainly inconsistent with the statute's disclosure mandates.

50. To date, the Agency has provided no response to USRTK's October 14, 2020 email.

51. To date, the Agency has not provided USRTK with a lawful "determination" that informs USRTK of (1) the Agency's determination of whether or not to comply with the Request; (2) the reasons for its decision; and (3) notice of the right of USRTK to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

52. The Agency has not shown due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i).

53. To date, the Agency has failed to issue a decision on USRTK's request for a waiver of fees associated with the processing of the Request.

54. To date, the Agency has not produced a single record responsive to the Request.

55. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

56. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND STATE DEPARTMENT REGULATIONS:

### FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

57. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

58. USRTK has a statutory right to have Defendant process its FOIA request in a manner that complies with the FOIA. USRTK's rights in this regard were violated by the State Department's failure

to provide a timely and legally adequate final determination.

59. To date, USRTK has not received any written communication from the State Department about whether the Agency will comply with the FOIA Request, the Agency's reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i).

60. The Agency's invocation of "unusual circumstances" on July 13, 2020 is improper, unlawful, and void, for the Agency failed to apprise USRTK of the "date on which a determination is expected to be dispatched." 5 U.S.C § 552(a)(6)(B)(i); 22 C.F.R. § 171.11(g).

61. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines.

62. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

63. Defendant's failure to make a final determination on USRTK's FOIA Request within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:

### UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

64. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

65. USRTK has a statutory right to have Defendant process its FOIA request in a manner that complies with FOIA.

66. USRTK's rights in this regard were violated when Defendant failed to promptly provide public, non-exempt records to USRTK, 5 U.S.C. sections 552(a)(3)(A), 552(b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. section 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material. 5 U.S.C. § 552(b).

67. Defendant is unlawfully withholding public disclosure of information sought by USRTK,

information to which it is entitled and for which no valid disclosure exemption applies.

68. USRTK has constructively exhausted its administrative remedies with respect to this claim.

69. USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

70. Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

71. USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

72. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO TIMELY APPROVE USRTK'S FEE WAIVER REQUEST

73. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

74. USRTK has a statutory right to have Defendant process its FOIA request in a manner that complies with FOIA.

75. USRTK's rights in this regard were violated by Defendant's unlawful delay in informing USRTK of its decision concerning USRTK's request for a fee waiver.

76. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's requirements and deadlines for fee waiver requests.

77. USRTK's request for a waiver of all fees associated with the FOIA Request is appropriate and satisfies all elements required for approval of a fee waiver.

78. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court,

Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

79.  Defendant's failure to make a timely determination on USRTK's fee waiver request has prejudiced USRTK's ability to timely obtain public records.

## REQUEST FOR RELIEF

Wherefore, USRTK prays that this Court:

1. Order Defendant to promptly provide USRTK all of the information sought in this action and to immediately disclose the requested documents in unredacted format unless an exemption is properly claimed and properly applies.

2. Declare Defendant's failure to provide USRTK with a final determination as unlawful under the FOIA.

3. Declare Defendant's failure to promptly provide USRTK with all non-exempt records as unlawful under the FOIA.

4. Declare Defendant's failure to timely approve USRTK's request for a waiver of all fees associated with the FOIA Request unlawful, and Order Defendant to approve USRTK's fee waiver request.

5. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. section 552(a)(4)(E) or 28 U.S.C. section 2412.

6. Grant such other and further relief to USRTK as the Court may deem just and proper.

DATED: November 30, 2020                SHUTE, MIHALY & WEINBERGER LLP

By:        /s/
        LAURA D. BEATON

        Attorneys for US RIGHT TO KNOW

1313868.1